1   **WO**

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

AllChem Performance Products Incorporated,

                Plaintiff,

v.

Aqualine Warehouse LLC, et. al.,

                Defendants.

No. CV-12-1520-PHX-DGC

**ORDER**

Plaintiff AllChem Performance Products Incorporated has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Aqualine Warehouse LLC, Chad Kennedy, Shiner Warehouse LLC, Shiner Products LLC, and Shiner Chemicals LLC.  Doc. 77.  Defendants have not responded. The Court will deny the motion and dismiss this case without prejudice.

**I.    Background.**

Trichlor is a solid chlorinator used in swimming pools that is regulated by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  Doc. 28 ¶¶ 13-14.  The U.S. Environmental Protection Agency ("EPA") regulates trichlor and requires that all distributors register the product.  *Id.* ¶ 14.  Plaintiff sells trichlor under registrations obtained from the EPA and Texas state agencies, and created a label to display the registrations on its trichlor packaging.  *Id.* ¶ 18.

Plaintiff alleges that Defendants distribute trichlor without the proper federal and state registrations.  *Id.* ¶ 28.  Plaintiff also alleges that Defendants import their trichlor

from China, but represent that it is imported from Mexico.  Plaintiff further alleges that Defendants attached copies of Plaintiff's label to their trichlor products to give the appearance of FIFRA compliance.  *Id.* ¶¶ 23-23a.[1]

On December 9, 2011, Plaintiff filed a second amended complaint against Defendants alleging copyright infringement, conversion, unfair competition, and violations of the Lanham Act.  Doc. 28.  Defendants did not respond and the Clerk entered default against them on February 22, 2013.

## II.    Plaintiff's Motion for Default Judgment.

Plaintiff seeks default judgment against Defendants in the amount of $518,216, representing statutory damages in the amount of $483,096 and $35,120 in attorneys' fees.  Doc. 77 ¶ 21.  The Court has discretion to grant default judgment under Rule 55(b) because default has been properly entered pursuant to Rule 55(a).  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, (7) the strong policy favoring a decision on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  To determine default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### A.    Prejudice to Plaintiff.

The first factor normally weighs in favor of granting default judgment because a plaintiff is prejudiced when a case is not resolved.

///

---

[1] Plaintiff misnumbered the paragraphs in the second amended complaint.  The complaint includes two separate paragraphs as 22, and two paragraphs as 23.  This order will refer to the second paragraph 22 which begins, "[i]n fact," as 22a, and the second paragraph 23, which begins "[i]n respect," as 23a.

**B.      The Merits of Plaintiff's Claims.**

The second and third *Eitel* factors weigh against default judgment because Plaintiff's substantive claims, as pled, do not merit a judgment in its favor.   Plaintiff alleges that Defendants are liable for copyright infringement, conversion, unfair competition, and Lanham Act violations, but has failed to plead facts that support those claims.   Plaintiff did not support its claims in its motion for default judgment and said only that "[t]he allegations and facts contained in Plaintiff's Second Amended Complaint are sufficient to prove each cause of action alleged in the Complaint."  Doc. 77 ¶ 12.

Plaintiff claims that the label it created to display its trichlor registration numbers is protected by copyright, and that Defendants infringed that copyright by displaying a substantially similar label.   Doc. 28 ¶¶ 18-23a.   To establish a clam for copyright infringement a plaintiff must show (1) ownership of a valid copyright, and (2) infringement of the right.   *Ets-Hokin v. Skyy Spirits*, 225 F.3d 1068, 1073 (9th Cir. 2000).   Plaintiff has not pled facts to show that it owned a valid copyright in its label or registration numbers.  Plaintiff claims that it "invested time, talent, energy, and material resources developing its unique label" (Doc. 28 ¶ 18), but "originality, not sweat of the brow, is the touchstone of copyright protection."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 360-61 (1991) (holding that a compilation of facts must show at least a modicum of creativity to be copyrightable).  The registration numbers are facts and are not copyrightable, *id.* at 344, and Plaintiff has failed to plead facts to show that the label is copyrightable.  Plaintiff has not provided a copy of the label for the Court to evaluate. The only information about the label comes from the complaint, which says the label "clearly and conspicuously display[ed] its EPA and state registrations."  Doc. 28 ¶ 18.  A label that merely lists two facts does not meet the modicum of creativity required by *Feist*.  Further, Plaintiff did not allege that it registered the label with the U.S. Copyright Office, and registration is a prerequisite to a civil infringement action.   17 U.S.C. § 411(a).

Plaintiff alleges that Defendants "converted and misappropriated AllChem's

1   valuable tangible property as well as its intellectual property."  Doc. 28 ¶ 26.  The
2   complaint does not, however, include any allegations of what property Defendants
3   converted.  Plaintiff's claim that Defendants converted its intellectual property is merely
4   a reformulation of its copyright claim.  Plaintiff has failed to identify an intellectual
5   property right, and the Copyright Act would likely preempt conversion of any identifiable
6   right.  *See Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996).

7   Plaintiff alleges that Defendants' use of its registration numbers constitutes unfair
8   competition.  Doc. 28 ¶ 36.  "[T]he essence of unfair competition is confusion of the
9   public."  *Taylor v. Quebedeaux*, 617 P.2d 23, 24 (Ariz. 1980).  Plaintiff's claim for unfair
10  competition rests on the argument that Defendants gain an unfair advantage by avoiding
11  EPA regulations, not by confusing customers.  Doc. 28 ¶ 36.  Plaintiff has not stated a
12  claim for unfair competition.

13  Plaintiff seeks damages for Defendants' violation of the Lanham Act under 15
14  U.S.C. § 1125(a)(1)(A), which states that "[a]ny person who, on or in connection with
15  any goods or services, or any container for goods, uses in commerce any word, term,
16  name, symbol, or device, or any combination thereof, or any false designation of origin,
17  false or misleading description of fact, or false or misleading representation of fact,
18  which is likely to cause confusion, or to cause mistake . . . shall be liable in a civil action
19  by any person who believes that he or she is or is likely to be damaged by such act."
20  Plaintiff alleges in the complaint that Defendants falsely represented the origin of their
21  product and that the false labels are likely to cause confusion (Doc 28 ¶¶ 37-39), but
22  provides no explanation of this claim or its validity in the motion for default judgment.

23  ## C.   The Amount of Money at Stake.

24  The Court will consider the amount of money at stake in relation to the seriousness
25  of the Defendants' conduct.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172,
26  1176 (C.D. Cal. 2002).  A request for a large sum of money weighs against the entry of
27  default judgment.  *See Eitel*, 782 F.2d at 1472 (seeking damages of almost $3 million
28  weighed against default judgment); *J & J Sports Prods. v. Cardoze*, No. C 09-05683-

WHA, 2010 WL 2757106, at *5 (N.D. Cal. July 9, 2010) (denying an award of $114,200 in a default judgment).  Plaintiff's request for $483,096 in damages weighs against awarding default judgment, particularly where the majority of Plaintiff's claims lack merit.

Additionally, Plaintiff has not sufficiently proven its damages.  Plaintiff's only evidence for the amount of damages is the conclusion of its Chief Operating Officer that Plaintiff suffered $231,548 in lost or impaired sales, $231,548 in loss to its goodwill, and that it spent $20,000 investigating the matter.  Doc. 77-3.  Plaintiff has provided no evidence of lost sales or a method for estimating and calculating any of its damages.

**D.     Other Factors.**

"There is no genuine dispute of material facts that would preclude granting [Plaintiff's] motion." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177.  Defendants were served with process (Doc. 77-1) and it is "unlikely that Defendants' failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).  Although cases should be resolved on the merits, this case has languished with no response from Defendants and no effective prosecution by Plaintiff.

**E.     Default Judgment Conclusion.**

Because Plaintiff largely has failed to state a claim, has failed to provide reasons to conclude that its claims have merit, and has provided no substantiation for its significant damages requests, the Court concludes that default judgment should not be entered.

**III.   Dismissal.**

This is the third time Plaintiff has unsuccessfully sought default judgment.  The first time Plaintiff sought default judgment, the motion was directed at a complaint other than the operative complaint in the case.  Doc. 30.  The second time, Plaintiff had not obtained default under Rule 55(a) and failed to address the relevant Ninth Circuit factors. Doc. 70.

The Court denied Plaintiff's second motion for default judgment on February 22, 2013. *Id.* The Court directed the Clerk to enter defaults under Rule 55(a) even though Plaintiff had failed to request them. *Id.* The Court also identified for Plaintiff the Ninth Circuit authority that it should address in a proper motion for default judgment. *Id.* The Court expected that Plaintiff would respond promptly with a correct motion seeking default judgment under the relevant authority. When Plaintiff had taken no further action by May 2013, the Court ordered Plaintiff to file a status report. Doc. 73. In its report, Plaintiff disregard the Court's February order and said it was awaiting the Court's ruling on its motion for default judgment. Doc. 74.

Exasperated, the Court entered an order observing that "[t]his case has lingered too long." Doc. 75. The Court advised Plaintiff that it had ruled on the motion more than two months earlier, and noted that "[t]he Court has been required to prompt Plaintiff's action more than once." *Id.* (referring to Docs. 26, 55, 73). The Court stated that it would afford Plaintiff "one final opportunity to obtain default judgments," required that a motion seeking such judgments be filed by June 28, 2013, and warned that "[i]f the motion is not filed by that date, or fails to address relevant Ninth Circuit factors, the Court will dismiss this case for lack of prosecution." *Id.* The current motion does list the relevant Ninth Circuit factors, but fails to address them in the detail required for entry of default judgment.

Three tries at obtaining default judgment is enough. This case has been pending here and in Texas for almost three years. Plaintiff's three inadequate motions for default judgment and the other occasions on which the Court has been required to prompt the Plaintiff to action are sufficient to show a lack of prosecution.

Under Rule 41(b), the Court can dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). A court may dismiss an action under this rule *sua sponte*. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether Plaintiff's failure to prosecute warrants dismissal

under Rule 41(b), the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.1988).

The first two factors favor dismissal. Plaintiff's actions have prevented expeditious resolution of this litigation and have interfered with the Court's ability to manage its very busy docket.  The third factor does not favor dismissal because Defendants have failed to appear and defend.

The fifth factor – the availability of less drastic sanctions – also favors dismissal. Plaintiff has been given several opportunities to obtain default judgment or otherwise prosecute this case.  Rather than dismissing this case after Plaintiff's lengthy delays and first two failures to file proper motions for default judgment, the Court expressly warned Plaintiff that it would be afforded one additional opportunity to obtain default judgments. None of this succeeded.  Plaintiff has again failed to act in a way that allows the Court to resolve this case.

The fourth *Eitel* factor always weighs against dismissal – public policy favors resolution of cases on the merits.  But here, where Plaintiff has failed to prosecute effectively, resulting in this case languishing on the Court's docket for three years despite repeated efforts by the Court to prompt action, factors one, two, and five outweigh this public policy.  The Court simply cannot be held hostage by parties who fail effectively to prosecute their cases.  The Court will dismiss this case for lack of prosecution.

**IT IS ORDERED** that this case is dismissed without prejudice for lack of prosecution.

Dated this 21st day of August, 2013.

David G. Campbell
_____
David G. Campbell
United States District Judge